UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON DENNIS MCGUIRE,

        Petitioner,

v.                                        Case No: 6:16-cv-1117-Orl-31DCI
                                                     (6:10-cr-193-Orl-31DCI)

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. Petitioner also filed a supporting Memorandum of Law (Doc. 2). The Government filed a Response (Doc. 7) in opposition to the Motion to Vacate. Petitioner filed a Reply (Doc. 10) to the Response. For the reasons set forth herein, the Motion to Vacate is denied.

**I.    PROCEDURAL BACKGROUND**

A Grand Jury charged Petitioner in a three count Indictment with the commission of various crimes. (Criminal Case 6:10-cr-193-31DCI, Doc. 1).[1] Count One involved the attempted destruction of an aircraft in violation of 18 U.S.C. § 32(a); Count Two involved using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and Count Three involved the possession of a firearm

---

[1] Criminal Case No. 6:10-cr-193-Orl-31DCI will be referred to as "Criminal Case."

by a convicted felon in violation of 18 U.S.C. § 924(a). Prior to trial, Petitioner entered a plea of guilty to Count Three. (Criminal Case Doc. 83). A jury found Petitioner guilty as to Counts One and Two. (Criminal Case Doc. 121). On April 26, 2011, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 133) in which Petitioner was adjudicated guilty of the crimes and sentenced to imprisonment for a total term of 150 months, to be followed by supervised release for a total term of three years. Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed on January 30, 2013. (Criminal Case Doc. 161).

## II. ANALYSIS

The Motion to Vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255. In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on January 30, 2013. (Criminal Case Doc. 161). The United States Supreme Court denied Petitioner's petition for a writ of certiorari on April 1, 2013. (Criminal Case Doc. 163). Thus, the judgment of conviction became final on April 1, 2013. As result, Petitioner had until April 1, 2014, to file a section 2255 motion. The Motion to Vacate was filed on June 24, 2016, long after the one-year period of limitation expired.

Petitioner argues that the Motion to Vacate is timely because "Johnson applies to § 924(c)(3)(B)'s residual clause [and] § 924(c)(3)(B)'s residual clause is identical to the ACCA's residual clause . . . ." (Doc. 10 at 2). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal

2

Act's ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Id.* at 2557–58, 2563. The *Johnson* decision was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). According to Petitioner, the decision in *Johnson* "invalidates section 924(c)(3)(B)." (Doc. 10 at 5).

The decision in *Johnson* affords Petitioner no collateral relief with regard to his § 924(c) conviction. The *Johnson* decision did not address the statute under which Petitioner was convicted. Instead, *Johnson* ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). Neither the Supreme Court nor the Eleventh Circuit Court of Appeals "has extended *Johnson*'s § 924(e) residual clause ruling to conclude that the § 924(c)(3)(B) residual clause is unconstitutionally vague." *United States v. Langston*, No. 16-10689, 2016 WL 6276044, at *6 (11th Cir. October 27, 2016). Consequently, the Motion to Vacate was untimely, and Petitioner is unable to satisfy the exception to the one-year period of limitation in 28 U.S.C. § 2255(f)(3). As a result, the Motion to Vacate is denied.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y*,

3

*Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-193-Orl-31DCI.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 167) filed in criminal case number 6:10-cr-193-Orl-31DCI.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 2/14